UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
BONNIE MESSLER,                  :
                                 :
            Plaintiff,           :
                                 :    Civ. Action No. 14-6043 (FLW)
v.                               :
                                 :
GEORGE COTZ, ESQ.,               :    OPINION
et al.,                          :
                                 :
            Defendants.          :
_____:

**WOLFSON, United States District Judge**:

Plaintiff Bonnie Messler ("Plaintiff") filed this legal malpractice action against George Cotz ("Mr. Cotz"), Lydia Cotz ("Defendant" or "Ms. Cotz"), and Cotz & Cotz, for their alleged negligent representation of Plaintiff in a suit brought against Wakefern Food Corp. ("Wakefern"), Plaintiff's former employer, for wrongful termination (the "underlying matter"). In this suit, Plaintiff alleges that Ms. Cotz is vicariously liable for Mr. Cotz's alleged negligence in connection with the underlying matter, under the doctrine of partnership-by-reliance, N.J.S.A. § 42:1A-20. In lieu of an answer, Ms. Cotz moves for summary judgment, arguing that she neither practices law in partnership with Mr. Cotz, nor is she a partner with Mr. Cotz by representation. For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

On April 3, 2009, Plaintiff was terminated from her employment with Wakefern. Defendants' Statement of Undisputed Material Facts ("Def.'s Statement of Facts"), ¶ 4. In response, Plaintiff retained Mr. Cotz and filed an employment action against Wakefern, for allegedly terminating her in violation of the New Jersey Law against Discrimination and the New

1

Jersey and Federal Family Leave Acts. Def.'s Statement of Facts, ¶¶ 2,5. Subsequently, Wakefern filed a motion for summary judgment to which Plaintiff's counsel failed to file an opposition; as a result, this Court entered judgment in favor of Wakefern. Complaint ("Compl."), ¶¶ 28-29.

On June 18, 2014, Plaintiff filed a legal malpractice action in the Superior Court of New Jersey, Middlesex County, against Mr. Cotz and Cotz & Cotz.[1] Thereafter, on September 29, 2014, Plaintiff's suit was removed to this Court. In her Complaint, Plaintiff alleges that Mr. Cotz negligently represented her in the underlying matter, because he "failed to properly prepare Plaintiff's case and communicate with Plaintiff about her case." Def.'s Statement of Facts, ¶ 24, Ex. I, ¶ 27. Plaintiff amended her Complaint to include Ms. Cotz, the wife of Mr. Cotz, as a named defendant. Def.'s Statement of Facts, ¶¶ 1-2. The Amended Complaint asserts that Ms. Cotz was represented to be a partner in Cotz & Cotz, and, as a consequence, "is liable for all acts of the partnership," such as Mr. Cotz's alleged negligence. Def.'s Statement of Facts, ¶ 24, Ex. I, ¶ 4(a)-(b).

Presently before the Court is Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. The Motion is based on Defendant's contention that Ms. Cotz has never practiced in partnership with Mr. Cotz, and that Plaintiff's allegations are insufficient to establish a partnership-by-representation. *See* Memorandum in Support of Defendant's Motion for

---

[1] Defendant contends that the law firm of Cotz & Cotz does not exist, because "there has never been a 'Cotz & Cotz' law firm registered with the New Jersey Lawyer's Fund." Def's Statement of Facts, ¶ 17. However, Mr. Cotz, on multiple occasions, drafted and submitted letters on "Cotz & Cotz" stationary, and signed them on behalf of "Cotz & Cotz." *See* Plaintiff's Response to Statement of Undisputed Facts ("Pl.'s Statement of Facts"), ¶¶ 28, 31, Ex. C, F. Regardless, this discrepancy does not prevent the Court from resolving the parties' dispute on this motion. *See infra*.

Summary Judgment ("Def.'s Motion for Summary Judgment"). The Motion is opposed by Plaintiff.

## DISCUSSION

### I. Standard of Review

Rule 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir. 2010) ("Summary judgment is appropriate if, viewing the record in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."). "An issue of material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 545 (3d Cir. 2012). The substantive law governing the dispute will determine which facts are material, and only disputes over those facts "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party moving for summary judgment must "identify[]each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). To carry its burden of production, the moving party must "show[] that there is no genuine dispute as to any material fact." *Id*. If the movant "fail[s] to show the absence of any disputed material fact . . . , the District Court err[s] in granting summary judgment." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 148 (1970).

If the moving party has met its initial burden, then the nonmoving party must "set out specific facts showing a genuine issue for trial." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d

249, 252 (3d Cir. 2010) (quoting Fed. R. Civ. P. 56(e)(2)). "[W]hen determining whether the moving party has proven the absence of a genuine material issue of fact, the facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true, and the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Aman v. Cort Furniture Rental Corp.*, 85 F. 3d 1074, 1080-81 (3d Cir. 1996) (citations and internal quotation marks omitted).

## II.   Plaintiff Failed to Properly Allege Partnership or Partnership-by-Representation

In the instant matter, Defendant contends that she is not vicariously liable for the alleged legal negligence of Mr. Cotz in connection with the underlying matter. *See* Def.'s Motion for Summary Judgment. In support, Defendant argues that: (1) she does not practice law in partnership with Mr. Cotz, and (2) she did not represent to Plaintiff that she is a partner with Mr. Cotz. Def.'s Motion for Summary Judgment, at 7-16.

The New Jersey Uniform Partnership Act of 1996 (the "Act") governs the formation of partnerships in New Jersey. N.J.S.A. 42:1A-1 to -56. Under the Act, a partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit . . . ." N.J.S.A. 42:1A-2. Therefore, "[a] person who receives a share of the profits of a business is presumed to be a partner in the business," unless he or she falls within one of the Act's exceptions. N.J.S.A. 42:1A-10(c)(3).

In determining whether a partnership exists, courts also consider the following seven factors: (1) the parties' intention to form a partnership; (2) obligation to share in profits and losses; (3) ownership and control of the partnership's property and business; (4) community of power and administration; (5) language used in the partnership agreement; (6) conduct of the parties toward third persons; and (7) rights of the parties upon dissolution. *Eagan v. Gory*, 374

Fed. Appx. 335, 338 (3d Cir. 2010) (internal citations and quotations omitted). The Third Circuit has attributed a significant amount of weight to whether losses are shared, in conducting a partnership analysis. *Id.* at 339 ("[T]he obligation to share losses is one of the most important indicia of a partnership . . . .") (internal citations and quotations omitted). Moreover, the burden of establishing a partnership falls on the party alleging that it exists. *Id*. (internal citation omitted).

The Act alternatively provides for a partnership-by-representation. N.J.S.A. 42:1A-20. A partnership-by-representation will exist where:

> [A] person, by words or conduct, purports to be a partner, or consents to being represented by another as a partner, in a partnership or with one or more persons not partners, the purported partner is liable to a person to whom the representation is made, if that person, *relying on the representation*, enters into a transaction with the actual or purported partnership.

N.J.S.A. 42:1A-20a (emphasis added). Significantly, indicia of partnership, alone, are insufficient for a plaintiff to establish that a partnership-by-representation exists; indeed, a plaintiff must also present evidence of reliance. *See Fameco Real Estate, L.P. v. Bennett*, No. 12-6102, 2013 U.S. Dist. LEXIS 64859, at *18 (D.N.J. May 7, 2013); *see also Sitchenko v. Di Resta*, 512 F. Supp. 758, 762 (E.D.N.Y. 1981) ("[T]he doctrine of partnership by estoppel is to be strictly guarded and . . . its application will depend upon [a] plaintiff meeting his burden of showing actual reliance on knowing misrepresentations.") (internal citations and quotations omitted).[2]

---

[2] Although partnership-by-representation is recognized in New Jersey, the issue has only been addressed by a few state courts, and none are helpful to resolve the issue in this case. Because the requirements for establishing partnership-by-representation under New York law are substantially similar as those requirements under New Jersey law, *see Anwar v. Fairfield Greenwich, Ltd.*, 728 F. Supp. 2d 372, 404 (S.D.N.Y. Aug. 18, 2010) (holding that sufficient indicia of partnership and detrimental reliance on those representations are necessary to establish

Here, Defendant first contends that she is not in a partnership. Notably, Plaintiff does not respond to this argument in her opposition brief. Therefore, the Court concludes that Plaintiff concedes this point. *Moorestown Twp. Bd. of Educ. v. S.D.*, 811 F. Supp. 2d 1057, 1085 (D.N.J. 2011) ("Since [the plaintiff] did not respond to Defendants arguments in its Reply papers, the Court deems the issue conceded."). In any event, the record, as presented, does not support that Mr. Cotz and Ms. Cotz are partners. For instance, there is no evidence to support that Mr. Cotz and Ms. Cotz entered into a written or verbal partnership agreement, wherein they share in the partnership's property and business or, importantly, its profits and losses.[3] In that same vein, there is no evidence to support that the parties discussed, or agreed on, the community of power and administration in the partnership, or their rights in the event that the alleged partnership was dissolved. Instead, the financial documents on record reflect that Mr. Cotz and Ms. Cotz operated as independent legal practitioners. Indeed, they filed separate tax returns as well as maintained separate bank accounts, attorney business accounts, and attorney trust accounts. Def.'s Statement of Facts, ¶¶ 21-23; *see* Certification of Lydia Cotz, ¶ 2, Certification of George Cotz,¶¶ 3-4. *Estate of Spencer v. Gavin*, 400 N.J. Super. 220, 250 (App. Div. 2008) (holding that the defendants were not partners, because "no bank statements show[ed] that [the defendants] co-mingled the revenues or disbursements from their law practices."). Significantly, these facts are

---

partnership-by-representation), it is appropriate for this Court to look to New York case law as persuasive authority in deciding this motion.

[3] Although the record arguably demonstrates that, on occasion, Mr. Cotz and Ms. Cotz identified themselves as partners to third parties, this fact, alone, is insufficient to establish that a partnership exists between them, particularly since there is no evidence suggesting that they agreed to share losses in a single firm. *See Yonadi v. Commissioner*, 21 F.3d 1292, 1297 (3d Cir. 1994) ("Sharing losses of a business is one of the most important indicia of a partnership (and thus co-ownership) status.") (internal citation omitted).

6

not disputed by Plaintiff. Therefore, based on this record, the Court cannot find that a partnership between Mr. Cotz and Ms. Cotz exists.

Nevertheless, Plaintiff argues that Ms. Cotz is vicariously liable for Mr. Cotz's alleged negligence, because a partnership-by-representation exists between Mr. Cotz and Ms. Cotz. Under N.J.S.A. 42:1A-20a, a partnership-by-representation contains two elements. First, the injured party must be presented with sufficient indicia of partnership, and, second, the injured party must rely on that representation in entering into a transaction with the actual or purported partnership. N.J.S.A. 42:1A-20a. Thus, a partnership-by-representation will not exist without proof of reliance. *National Premium Budget Plan Corp. v. National Fire Ins. Co.*, 97 N.J. Super. 149, 235 (Law Div. 1967) ("[R]eliance is a necessary element in establishing a partnership by estoppel.").

In the instant matter, Plaintiff argues that a partnership-by-representation exists between Mr. Cotz and Ms. Cotz because: (1) Ms. Cotz previously testified under oath that she was partners with Mr. Cotz; (2) Plaintiff signed a retainer agreement with the office of Cotz & Cotz; and (3) Plaintiff received a letter from Mr. Cotz, in which he indicated that someone assisted him in preparing the underlying Complaint. Memorandum in Support of Plaintiff's Opposition to Defendant ("Pl.'s Opp'n"), at 1-3. Plaintiff, however, falls short of establishing that a partnership-by-representation exists, because the substance of Plaintiff's arguments solely concern the first element of N.J.S.A. 42:1A-20a (indicia of partnership).

Indeed, Plaintiff does not provide any evidence in connection with the second element of the Act. First, Plaintiff argues that Mr. Cotz submitted a letter to Plaintiff in which he asked Plaintiff to review a "draft of a complaint that *we* have put together for you." Pl.'s Statement of Facts, ¶ 28. According to Plaintiff, this language amounts to a representation of a partnership,

7

because it suggests that Ms. Cotz assisted Mr. Cotz in drafting the Complaint. Pl.'s Opp'n, at 2. I do not agree; Mr. Cotz's use of the pronoun "we" does not confirm that the Complaint was prepared by both Ms. Cotz and Mr. Cotz. Indeed, Plaintiff has failed to establish that the law firm of Cotz & Cotz is solely comprised of Mr. Cotz and Ms. Cotz, and no other legal staff could have assisted Mr. Cotz. But, more to the point, plaintiff cannot prove that she relied on this letter in entering "into a transaction with the . . . partnership," as is required under N.J.S.A. 42:1A-20a, because the letter was received by Plaintiff *after* she hired Cotz & Cotz to represent her in the underlying matter. *See* N.J.S.A. 42:1A-20a. Stated differently, in proving partnership-by-representation, Plaintiff cannot rely on representations that occurred *after* Plaintiff agreed to enter into an agreement with the alleged partnership. Nor can Plaintiff satisfy the element of reliance by referencing Ms. Cotz's former deposition testimony—in a matter unrelated to this suit—in which Ms. Cotz states that she practiced law in partnership with Mr. Cotz. Indeed, Plaintiff does not allege, let alone prove, that she was aware of this testimony prior to entering into a professional relationship with Mr. Cotz, or even prior to the filing of this action. Therefore, both the letter and Ms. Cotz's deposition testimony cannot serve as a basis for proving partnership-by-representation.

Finally, Plaintiff argues that Ms. Cotz is vicariously liable for Mr. Cotz's alleged negligence, because of the retainer agreement that Plaintiff signed. Specifically, Plaintiff contends that the retainer agreement "is on stationary identifying Cotz & Cotz, Attorney's at Law, as the law firm, under which is an email address of cotzlaw@aol.com." Pl.'s Statement of Facts, ¶ 7. Plaintiff further points out that the retainer agreement "lists the members of Cotz & Cotz as George J. Cotz and Lydia B. Cotz." Pl.'s Statement of Facts, ¶ 7. According to Plaintiff,

based on the substance of the retainer agreement, she could have reasonably assumed that Mr. Cotz and Ms. Cotz practiced law in partnership. Pl.'s Opp'n, at 2.

Although the retainer agreement may serve as an indicator of partnership, she, significantly, Plaintiff fails to establish that she relied on it when entering into an agreement with Mr. Cotz. Rather, Plaintiff, in her mere five-page opposition brief, simply states as follows: "Plaintiff . . . testified that she was relying upon [Cotz & Cotz] to be her lawyers and that the law firm included partner, [Ms.] Cotz." Pl.s' Opp'n, at 2. Plaintiff, however, does not cite any underlying documents, such as her deposition, showing where this testimony is located. Independently, upon this Court's review, it appears that such testimony is absent from the record. *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 (3d Cir. 2006) ("Judges are not like pigs, hunting for truffles buried in' the record.') (internal quotations omitted) (quoting *Albrechtsen v. Board of Regents of University of Wisconsin System*, 309 F.3d 433, 436 n.8 (7th Cir. 2002)). Tellingly, Plaintiff fails to make any allegations of reliance in her Amended Complaint. Nor does Plaintiff provide a declaration or certification in which she attests to her reliance on the retainer agreement. In fact, Plaintiff does not present any evidence showing that Ms. Cotz made direct representations to Plaintiff, upon which Plaintiff relied, before entering into an agreement with Mr. Cotz, or that Plaintiff had any interactions with Ms. Cotz whatsoever.[4] To the contrary, Plaintiff has not proven that she relied upon any representations made by Mr. or Ms. Cotz in deciding to retain Cotz & Cotz. Furthermore, Plaintiff concedes that "[a]t no time did [Plaintiff] inquire about [Ms.] Cotz's involvement, if any, in the underlying

---

[4] Plaintiff references a telephone conversation in which Ms. Cotz told Plaintiff "[d]on't worry about it," and then hung up. Pl.'s Statement of Facts, ¶ 12. Clearly, the Court need not consider this conversation on this motion, as no substantive information was exchanged between Plaintiff and Ms. Cotz, and, thus, Ms. Cotz's conduct in this regard cannot be construed as a representation that she is in a partnership with Mr. Cotz.

matter." Def.'s Statement of Facts, ¶ 10.[5] Accordingly, the Court has no basis to find that Plaintiff relied on any representations of partnership; thus, Defendant's Motion for Summary Judgment is granted. *Fameco Real Estate, L.P.*, 2013 U.S. Dist. LEXIS 64859, at *17 ("[W]hile [the defendants] argue that the firm's designation of [an employee] as a 'partner' is sufficient evidence of a partnership, they have failed to show how they relied upon this representation to their detriment."); *Milano by Milano v. Freed*, 64 F.3d 91, 98 (2d Cir. 1995) ("Since . . . evidence [of reliance] is essential to establish liability through partnership by estoppel . . . and since the [the plaintiff's] presented no such evidence, we agree with the District Court's conclusion that the action . . . must be dismissed."); *First Am. Corp. v. Price Waterhouse LLP*, 988 F. Supp. 353, 360 (S.D.N.Y. 1997) ("[W]ithout the requisite showing of direct reliance to its detriment on [the defendant's] representations of partnership, [the plaintiff] cannot establish [partnership-by-representation.]").[6]

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 is **GRANTED**.

---

[5] I note that, tellingly, in Plaintiff's previous motion for Remand, Plaintiff states that Ms. Cotz was named as a defendant in this matter purely for insurance purposes. Brief in Support of Plaintiff's Motion for Remand, at 1 ("When it became apparent that Defendant did not have insurance, the Plaintiff filed a Motion on or about September 2, 2014 to add Defendant's partner, Lydia Cotz, Esq., as a Defendant in this action.").

[6] Alternatively, Plaintiff argues that both Mr. Cotz and Ms. Cotz are responsible for the alleged negligence of the firm under the Rules of Professional Conduct, because they both appeared as named partners in Cotz & Cotz. However, the Rules of Professional Conduct do not provide a basis for liability. *See Baxt v. Liloia*, 155 N.J. 190, 198 (N.J. 1998) ("Whether analyzing the issue under the Model Rules, the Model Code of Professional Responsibility, or other local ethics provisions, no court has found a cause of action premised solely on a breach of the relevant provisions to be viable.").

Dated: April 24, 2017

                                                                  <u>/s/ Freda L. Wolfson</u>
                                                                   Freda L. Wolfson
                                                                   United States District Judge